# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| COTTINGHAM & BUTLER CLAIM SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONDUENT CAR SOLUTIONS, LLC, <br><br> Defendant. | No. 17-CV-1033-LRR <br><br> **ORDER** |

## I. INTRODUCTION

The matter before the court is Plaintiff Cottingham & Butler Claim Services, Inc.'s ("Cottingham") "Motion for Remand"[1] ("Motion") (docket no. 4).

## II. RELEVANT PROCEDURAL HISTORY

On October 31, 2017, Cottingham filed a "Petition at Law" ("Petition") (docket no. 2) in the Iowa District Court for Dubuque County, Iowa ("Iowa District Court"). In the Petition, Cottingham asserts a claim for breach of contract against Defendant Conduent Car Solutions, LLC ("Conduent"). *See* Petition at 1-3. On December 19, 2017, Conduent filed a Notice of Removal (docket no. 1), bringing the case before the court. On December 21, 2017, Cottingham filed the Motion. On December 29, 2017, Conduent filed an Answer (docket no. 5). On January 2, 2018, Conduent filed a Resistance (docket no. 6). On January 3, 2018, Cottingham filed a Reply (docket no. 7). Neither party has

---

[1] The court notes that Cottingham failed to file a separate brief in support of the motion as required by the Local Rules. *See* LR 7(d) ("For every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies."). Nonetheless, the court shall consider the Motion.

requested oral argument and the court finds that oral argument is unnecessary. The matter is fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, Cottingham requests that the court remand the instant action to the Iowa District Court based on an Agreement signed by the parties, which contains a forum selection clause. The forum selection clause provides that venue is only proper "in the courts of the State of Iowa." Motion at 2. Cottingham contends that, based on the Agreement, venue is only proper in the state courts of Iowa. *Id*. Conduent argues that the forum selection clause does not "restrict[] litigation between the parties to state courts in the State of Iowa." Resistance at 2 (emphasis omitted). Rather, Conduent contends that "[t]he broad language in the Agreement allows [the] parties to file suit in either the Iowa District Court or the federal courts of the State of Iowa." *Id*. at 4.

### A. Applicable Law

"A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a). Parties may contractually waive the right to remove a case by incorporating a forum selection clause. *See iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005); *see also RK Dixon Co. v. Dealer Mktg. Servs., Inc.*, 284 F. Supp. 2d 1204, 1208 (S.D. Iowa 2003). "A forum selection clause is a manifestation of the parties' expectations of where any resultant litigation will take place." *RK Dixon*, 284 F. Supp. 2d at 1209.

The court "has the inherent power to remand [a case] to state court in order to give effect to [a] forum-selection clause[], even if subject-matter jurisdiction exists and there has been no 'defect' in removal under 28 U.S.C. § 1447(c)." *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1056 n.1 (D. Minn. 2008); *see also Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1214-16 (3d Cir. 1991) (finding that remand based

on a forum selection clause was lawful even though not specifically authorized by § 1447(c)); *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1203 (5th Cir. 1991) (noting that remand was appropriate in a case involving a forum selection clause). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. They are enforceable unless they would actually deprive the opposing party of his fair day in court." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citation omitted).

### *B. Analysis*

Conduent does not allege that the forum selection clause is unjust, unreasonable or invalid for any reason and, upon review, the court finds no basis upon which to so find. As such, the court need only consider whether the clause waives Conduent's right to remove the case to federal court. The Agreement's forum selection clause states:

> This agreement and the performance hereunder, shall be governed by and construed in accordance with the laws of the State of Iowa and of the United States (without giving effect to its conflicts of law principles, which might otherwise be applicable). Further, in the unlikely event that court proceedings should arise from this agreement, any such actions or proceedings shall be maintained only in the courts of the State of Iowa. Such courts shall have exclusive jurisdiction over any such proceedings brought by either party.

*See* Petition at 7. Cottingham argues that the phrase "in the courts of the State of Iowa" precludes removal of the action to federal court. Conduent contends that the phrase "in the courts of the State of Iowa" also permits litigation in federal courts located in the State of Iowa.

The court disagrees with Conduent. The term "in" is "used as a function word to indicate inclusion, location, or position within limits." *In*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/in (last visited April 6, 2018). Therefore,

"a forum selection clause referring to 'courts in' a state imposes a geographic limitation, not one of sovereignty." *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205-06 (9th Cir. 2011). Contrarily, "of" "indicate[s] origin or derivation" or "a possessive relationship." *Of*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/of (last visited April 6, 2018). Thus, "the phrase 'the courts of' a state refers to courts that derive their power from the state—i.e., only state courts." *Simonoff*, 643 F.3d at 1205.

Numerous circuit courts have recognized this distinction and adopted "the widely-accepted rule that 'in a state' expresses the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state." *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 549 (3d Cir. 2011) (alterations and emphasis omitted) (quoting *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010)); *see also Simonoff*, 643 F.3d at 1206 (concluding that "[b]ecause the clause uses the preposition 'in,' the contract contemplates federal as well as state courts as proper courts for adjudication"); *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008) ("[T]he clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county."). "On the other hand, 'of a state' connotes sovereignty, limiting jurisdiction to the state courts of the named state." *Merrill Lynch*, 640 F.3d at 549 (alterations and emphasis omitted) (quoting *FindWhere*, 626 F.3d at 755); *see also Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 924, 926 (10th Cir. 2005) (concluding that where the agreement stated that the parties "hereby submit to the jurisdiction of the [c]ourts of the State of Colorado" the "agreement designate[d] the Colorado state court system as the forum for resolution of disputes arising out of the contract, and does not include the federal district court"); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam) ("Federal district courts may be *in* Texas, but they are not *of* Texas.").

Indeed, Conduent's argument, and each case it cites in support thereof, fails to account for the distinction between the use of the term "in" and the use of the term "of." *See Glob. Satellite Comm'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (concluding that where the forum selection clause provided that "[v]enue shall be *in* Broward County, [Florida]" a "suit either in the [state court], or in the [federal court], both of which are located in Broward County, would satisfy the venue requirement" (emphasis added)); *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) ("Since the federal district court of the Northern District of Ohio is unquestionably a court '*in* the State of Ohio,' the forum selection clause is not limited to Ohio state courts."); *Carrano v. Harborside Healthcare Corp.*, 199 F.R.D. 459, 460 (D. Conn. 2001) (concluding that where the forum selection clause stated that any litigation "shall be brought *in* Pinellas county, [Florida]" it "permit[ed] the plaintiff to file suit in state or federal court in Florida" (emphasis added)).

Simply put, incorporation of the term "of" in the forum selection provision denotes the parties' intention to restrict litigation to the state courts of the State of Iowa—the courts that derive their jurisdiction from the State of Iowa. *See also Portfolio Mgmt. Grp., LLC v. Bitach Fund I, LLC*, No. 09-CV-3193 (PJS/AJB), 2010 WL 727993, at *1 (D. Minn. Mar. 2, 2010) ("[T]he [c]ourt agrees with the majority of federal courts that the phrase 'courts of' a particular state unambiguously refers only to that state's courts, not to federal courts sitting within the boundaries of that state."). Therefore, the court shall grant the Motion.

### *C. Costs*

In the Motion, Cottingham contends that it should be entitled to "costs, expenses and attorneys' fees incurred as a result of the removal" because Conduent "had no objectively reasonable basis for removal." Motion at 3. Conduent contends that it "had an objectively reasonable basis to remove this action." Resistance at 5.

5

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award attorney[] fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. (quoting *Martin*, 546 U.S. at 141). "In determining whether the removing party lacked an objectively reasonable basis for seeking removal . . . 'the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand.'" *Id*. (quoting *Diaz v. Cameron Cnty. Tex.*, 300 F. App'x 280, 281 (5th Cir. 2008) (per curiam).

The court finds that because the Eighth Circuit Court of Appeals has not yet addressed this issue, there were reasonable grounds for a difference of opinion as to the propriety of removal in this case. Accordingly, Cottingham's request for attorney fees and costs is denied.

## IV. CONCLUSION

In light of the foregoing, the Motion to Remand (docket no. 4) is **GRANTED IN PART AND DENIED IN PART** and the case is **REMANDED** to Iowa District Court for Dubuque County, Iowa.

**IT IS SO ORDERED.**

**DATED** this 11th day of April, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

6